IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–02646–KMT

CARLOS BRITO,

     Plaintiff,

v.

GOODMAN PINE CREEK LLC,
BACK EAST BAR & GRILL DENVER, INC., and
LULU'S FROZEN YOGURT, INC.,

     Defendants.

## ORDER

Before the court are two motions filed by Plaintiff: (1) "Motion to Strike Defendants Back East Bar & Grill Denver, Inc., and Lulu's Frozen Yogurt, Inc.'s Affirmative Defenses;" and (2) "Motion to Strike Defendant Goodman Pine Creek LLC's Affirmative Defenses." (["Back East Motion"], Doc. No. 29; ["Goodman Motion"], Doc. No. 32.)  No response has been filed to either of Plaintiff's Motions, and the time to do so has lapsed.

### STATEMENT OF THE CASE

On August 31, 2020, Plaintiff Carlos Brito commenced this action, alleging violations of Title III of the Americans with Disabilities Act ["ADA"], 42 U.S.C. § 12181, *et seq.*, against three commercial property owners,[1] Defendants Goodman Pine Creek, LLC ["Goodman"], Back

---

[1] The Complaint named two additional Defendants, both of whom have since been dismissed from this case.  (Doc. Nos. 1, 39, 42.)

East Bar & Grill Denver, Inc. ["Back East"], and Lulu's Frozen Yogurt, Inc. ["Lulu's"]. (Doc. No. 1.) On September 24, 2020, Defendants Back East and Lulu's filed an Answer to the Complaint, asserting ten affirmative defenses to Plaintiff's claims. (Doc. No. 10 at 6-7.) Six days later, on September 30, 2020, Defendant Goodman filed its own Answer, asserting the same ten affirmative defenses to Plaintiff's claims. (Doc. No. 13 at 7-8.) Plaintiff thereafter filed the two present Motions, on October 29, 2020, and on November 4, 2020, asking to strike the fifth, seventh, and ninth affirmative defenses set forth in Defendants' respective Answers, pursuant to Federal Rule of Civil Procedure 12(f). (Back East Mot. 1-2; Goodman Mot. 1-2.) Plaintiff argues, specifically, that the challenged affirmative defenses "are insufficient either factually, legally, or both." (Back East Mot. 1-2; Goodman Mot. 1-2.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) provides, in pertinent part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Burrell v. Armijo*, 603 F.3d 825, 836 (10th Cir. 2010). "The rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case." *Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citing *United States v. Smuggler-Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993)); *see also RTC v. Schonacher*, 844 F. Supp. 689, 691 (D. Kan. 1994) (stating that Rule 12(f)'s purpose "is to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial").

Motions to strike are generally "disfavored," and "will only be granted under the rarest of circumstances." *KAABOOWorks Servs., LLC v. Pilsl*, No. 17-cv-02530-CMA-KLM, 2019 WL

2

1979927, at *5 (D. Colo. May 3, 2019) (citing *Sierra Club*, 173 F.R.D. at 285); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1380 (3d ed. 2004). Thus, the moving party's "burden of proof is a heavy one." *Holzberlein v. OM Fin. Life Ins. Co.*, No. 08-cv-02053-LTB, 2008 WL 5381503, at *1 (D. Colo. Dec. 22, 2008).  And, "[e]ven where the challenged allegations fall within the categories set forth in the rule, a party must usually make a showing of prejudice before the court will grant a motion to strike." *Sierra Club*, 173 F.R.D. at 285.  Irrespective of whether the moving party has met his burden to prove that allegations contained in a pleading violate Rule 12(f), the court retains discretion to grant or deny the motion to strike.  *See Scherer v. U.S. Dep't of Educ.*, 78 F. App'x 687, 689 (10th Cir. 2003) (unpublished) (reviewing a district court's ruling on a motion to strike for abuse of discretion); *see also* Fed. R. Civ. P. 12(f) (denoting only that allegations that are subject to Rule 12(f) "may" be stricken).

## ANALYSIS

Plaintiff moves to strike the fifth, seventh, and ninth affirmative defenses set forth in Defendants' respective Answers.  (Back East Mot. 2; Goodman Mot. 2.)  Because Defendants' respective Answers contain identically worded affirmative defenses, and because Plaintiff raises the same arguments in both motions to strike, the court will address the present Motions together.  (*Compare* Doc. No. 10 at 6-7, *with* Doc. No. 13 at 7-8.)

### I. *Affirmative Defense No. 5*

Defendants' respective fifth affirmative defenses each state as follows: "Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto*." (Doc. No. 10 at 6; Doc. No. 13 at 7.)  Plaintiff argues, in both Motions, that this putative defense "is improper and inapplicable

3

to the issues at bar," because it "attempts to shift [the] burden of ADA compliance on Plaintiff." (Back East Mot. 2; Goodman Mot. 2.)

"The equitable defense of *in pari delicto*, which literally means 'in equal fault,' is rooted in the common-law notion that a plaintiff's recovery may be barred by his own wrongful conduct." *Pinter v. Dahl*, 486 U.S. 622, 632 (1988) (citing *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 306 & n.12-13 (1985)). The doctrine holds that a plaintiff "may not assert a claim against a defendant if the plaintiff bears fault for the claim." *Thabault v. Chait*, 541 F.3d 512, 526 (2008) (citation omitted). An *in pari delcito* defense is viable, "only where (1) as a direct result of his own actions, the plaintiff bears at least substantially equal responsibility for the violations he seeks to redress; and (2) preclusion of suit would not significantly interfere with the effective enforcement of [federal law]." *Bateman Eichler*, 472 U.S. at 310-11. "The first prong of this test captures the essential elements of the classic *in pari delicto* doctrine." *Pinter*, 486 U.S. at 633 (citation omitted). "The second prong, which embodies the doctrine's traditional requirement that public policy implications be carefully considered before the defense is allowed, ensures that the broad judge-made law does not undermine the congressional policy favoring private suits as an important mode of enforcing federal [] statutes." *Id.* (internal citation omitted).

Here, the court has been unable to locate any case in which the *in pari delicto* doctrine has been utilized, or even recognized, as a viable affirmative defense against an ADA claim. *See Campbell v. Moon Palace, Inc.*, No. 11-60274-CIV, 2011 WL 3648562, at *2-4 (S.D. Fla. Aug. 19, 2011) (observing the same); *Doe v. Deer Mountain Day Camp, Inc.*, 682 F. Supp. 2d 324, 338 n.31 (S.D.N.Y. 2010) (expressing doubt as to the applicability of unclean hands (a corollary

to the *in pari delicto* doctrine) to ADA actions); *see also Pinter*, 486 U.S. at 633 (cautioning that "public policy implications [must] be carefully considered before the [*in pari delicto*] defense is allowed"). Further, "[p]ublic policy encourages private actions [such as the ADA] as enforcement devices for the public interest, even though a windfall may accrue to a wrongdoing plaintiff." *Berner v. Lazzaro*, 730 F.2d 1319, 1322 (9th Cir. 1984); *see also PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001) (discussing the "broad mandate," "comprehensive character," and "sweeping purpose" of the ADA in "eliminat[ing] discrimination against disabled individuals[] and . . . integrat[ing] them into the economic and social mainstream of American life") (internal quotation marks omitted); *Levorsen v. Octapharma Plasma, Inc.*, 828 F.3d 1227, 1230 (10th Cir. 2016) (stating that courts "must construe [Title III of the ADA] liberally to afford individuals with disabilities access to the same establishments available to those without disabilities").

Importantly, even assuming an *in pari delicto* defense is applicable to ADA claims, the possible connection between that defense and the claims asserted in this case is not obvious or inferable from the pleadings. Indeed, such a defense is available only where, "as a direct result of his own actions, the plaintiff bears at least substantially equal responsibility for the violations he seeks to redress." *Bateman Eichler*, 472 U.S. at 310-11. Here, Defendants fail to specify what, if any, wrongdoing Plaintiff engaged in, much less how that wrongdoing relates to Plaintiff's ADA claims. As such, the court finds that Plaintiff would be unduly prejudiced, if he were required to expend time and effort researching the *in pari delicto* doctrine's potential applicability to this case. *See Knighten v. Allstate Ins. Co.*, No. CIV-17-683-D, 2018 WL

718533, at *3 (W.D. Okla. Feb. 5, 2018) (striking affirmative defenses for lack of relationship to the pleaded claims).

For those reasons, Defendants' respective fifth affirmative defenses will be stricken.

## II. Affirmative Defense No. 7

Defendants' respective seventh affirmative defenses both provide: "Plaintiff failed to take reasonable steps to mitigate, alter, or otherwise reduce his alleged damages, including attorneys' fees and costs, and any damages and/or fees awarded to Plaintiff should be reduced accordingly." (Doc. No. 10 at 6-7; Doc. No. 13 at 8.)  Plaintiff challenges this affirmative defense, on the grounds that it is "improper" and "wholly irrelevant," given that the ADA does not "impose a duty" on the plaintiff "to mitigate damages or provide notice prior to bringing suit."  (Back East Mot. 3; Goodman Mot. 3.)

Here, the court agrees that there is no apparent duty to mitigate damages, or to provide pre-suit notice, under Title III of the ADA.  *See Cohan v. Genji Novi, Inc.*, No. 19-10786, 2019 WL 4051747, at *2-3 (E.D. Mich. Aug. 28, 2019) (striking similar affirmative defenses on that basis); *see also Assoc. of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1360 (11th Cir. 2006) ("We stress that pre-suit notice is not required to commence suit under the ADA and that lack of pre-suit notice does not compel a reduction of the requested fee award."). Therefore, in the absence of any response from Defendants on this issue, Defendants' respective seventh affirmative defenses will also be stricken.

## III. Affirmative Defense No. 9

Defendants' respective ninth affirmative defenses provide as follows: "At all times relevant to the Complaint, Defendants have acted on good faith interpretations of disabled access

6

laws and provisions, which reliance and interpretations preclude any recovery by Plaintiff based on the allegations of the Complaint." (Doc. No. 10 at 7; Doc. No. 13 at 8.) Plaintiff argues that this affirmative defense is also "improper," because it is "immaterial" under the ADA "whether Defendants acted in good faith or intentionally," as "the ADA makes no exception for 'good faith' noncompliance." (Back East Mot. 3; Goodman Mot. 3.)

The court finds, in the absence of any argument to the contrary, that this affirmative defense must also be stricken, as Defendants' purported "good faith" is irrelevant to their liability under Title III of the ADA. *See Rodriguez v. LB Delray Beach, LLC*, No. 12-81268-CIV, 2013 WL 3791639, at *1 (S.D. Fla. July 19, 2013) (striking a similar affirmative defense, because "[w]hether or not Defendant acted in good faith is irrelevant"); *Figueroa v. Islands Restaurants L.P.*, No. CV 12-00766-RGK (JCGx), 2012 WL 2373249, at *4 (C.D. Cal. June 22, 2012) ("Because Defendants' intent is irrelevant to Plaintiff's [ADA] claims, a defense of 'good faith interpretation of the law' is an insufficient defense."); *see also Helen L. v. DiDario*, 46 F.3d 325, 335 (3rd Cir. 1995) ("[W]e will not eviscerate the ADA by conditioning its protections upon a finding of intentional or overt 'discrimination.'").

Accordingly, it is

**ORDERED** that the "Motion to Strike Defendants Back East Bar & Grill Denver, Inc., and Lulu's Frozen Yogurt, Inc.'s Affirmative Defenses" (Doc. No. 29) is **GRANTED**. Those Defendants' **fifth, sixth, and ninth affirmative defenses** (Doc. No. 10 at 6-7) are **STRICKEN**. It is further

**ORDERED** that the "Motion to Strike Defendant Goodman Pine Creek LLC's Affirmative Defenses" (Doc. No. 32) is **GRANTED**.  Defendant Goodman Pine Creek, LLC's **fifth, sixth, and ninth affirmative defenses** (Doc. No. 13 at 7-8) are **STRICKEN**.

Dated this 6th day of April, 2021.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge